UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NAIKOMA HAWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-CV-359 |
| SPEEDWAY LLC, d/b/a SPEEDWAY #8029, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Exclude Testimony from Plaintiff's Expert H. Richard Hicks, P.E., filed by Defendant Speedway LLC on March 7, 2018 (ECF 31). Plaintiff Naikoma Hawn filed a response in opposition to the motion on March 21 (ECF 35) and Speedway filed a reply on March 28 (ECF 40). For the reasons discussed below, the motion to strike is GRANTED in part and DENIED in part.

## BACKGROUND

Naikoma Hawn filed a Complaint against Speedway on September 6, 2016, in the DeKalb County (Indiana) Superior Court, alleging that Speedway is liable to her for personal injuries she sustained when she slipped and fell in the women's restroom at a Speedway convenience store in Auburn, Indiana, on June 27, 2015. Complaint, p. 1.[1] Speedway removed the case to this Court on October 7, 2016, on the basis of diversity jurisdiction. Notice of Removal (ECF 1).

---

[1] Hawn's Complaint states the date of her alleged injury as June 28, 2015, which is apparently a scrivener's error since the parties' briefs, as well as the expert report Speedway seeks to exclude, state the date of the alleged injury as June 27, 2015.

Pursuant to Fed.R.Civ.P. 26(a)(2), Hawn designated H. Richard Hicks, a professional engineer, as a testifying expert witness. Hicks investigated the incident and prepared a report detailing his findings. Defendant's Motion to Strike, Exh. A (ECF 31-1). Speedway challenges the admissibility of Hicks' report, arguing that his "opinions are subject to exclusion under Fed.R.Evid. 702 because his opinions address common sense matters well within the realm of an average juror's knowledge and experience[]" and "because they offer opinions about case-determinative legal issues." Defendant's Motion to Strike, p. 1.

## STANDARD OF REVIEW

The admissibility of expert testimony is governed by the Federal Rules of Evidence and the Supreme Court's decision in *Daubert* (and its progeny). In *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765 (7th Cir. 2014), the Seventh Circuit explained that "[a] district court's decision to exclude expert testimony is governed by Federal Rules of Evidence 702 and 703, as construed . . . in *Daubert*[.] Rule 702(c) requires that an expert's testimony be 'the product of reliable principles and methods.' Similarly, Rule 703 requires the expert to rely on 'facts or data,' as opposed to subjective impressions." *Brown*, 765 F.3d at 771-72. The proponent of the expert's testimony bears the burden of demonstrating that it satisfies the *Daubert* standard. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017).

Federal Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Seventh Circuit has explained that Rule 702 "requires that the trial judge ensure that any and all expert testimony or evidence admitted 'is not only relevant, but reliable.'" *Manpower, Inc. v. Ins. Co. of Pa.* 732 F.3d 796, 806 (7th Cir. 2013) (citing *Daubert*, 509 U.S. at 589). The district court's "'gatekeeping' obligation applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999); *see also Lees v. Carthage Coll.*, 714 F.3d 516, 521 (7th Cir. 2013) ("[T]he Daubert analysis applies to all expert testimony under Rule 702, not just scientific testimony."). Under *Daubert*, "the district court must engage in a three-step analysis before admitting expert testimony. It must determine whether the witness is qualified; whether the expert's methodology is scientifically reliable; and *whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue*." *Id*. at 779 (citation and internal quotation marks omitted). In the end, "the inquiry is a flexible one that provides wide latitude for the Court to serve its role as 'gatekeeper.'" *C.W. v. Textron, Inc.*, 807 F.3d 827, 834-35 (7th Cir. 2015) (italics added).

## DISCUSSION

In this case, Speedway argues that Hicks' report and proposed testimony should be stricken not because Hicks is unqualified or his methodology was unreliable, but rather because it is an attempt to "put an impermissible 'expert gloss' on a conclusion that jurors should be able to draw themselves based upon their common knowledge and experience." Defendant's Reply, p. 3. "Whether Speedway should have placed a 'wet floor' sign closer to the women's restroom or prevented customers from entering the restroom until the floor was dry, and whether by failing to do either was negligent, 'are matters of common sense and jury issues.'" *Id*., p. 1. Speedway also

3

argues that "[c]ontrary to Plaintiff's statements, whether dangerous conditions existed in the Speedway store at the time of Plaintiff's fall is a case-determinative legal issue, and expert testimony on this subject is also inappropriate." *Id*., p. 4.

Speedway elaborates as follows:

> Hicks is a civil engineer by education and claims to have experience in investigating "slip, trip and fall" cases. Hicks' expert opinions are essentially that wet floors are slippery and dangerous and that Speedway should have placed a "Wet Floor" sign near the allegedly wet floor in the women's restroom or prevented customers from entering the restroom until the floor was dry.
>
> Regardless of Hicks' expertise, his opinions address common sense matters well within the realm of an average juror's knowledge and experience. As such, the Court should exclude his expert testimony because it will not assist the jury, and is therefore not relevant under the Federal Rules of Evidence. Hicks also offers opinions about case-determinative legal issues, and the Court should exclude his opinions for this additional reason.

Defendant's Brief in Support, p. 1. Specifically, Speedway challenges the following assertions and opinions from Hicks' expert report:

> "The store attendant knew, or should have known, that the floor was still wet" because he had just been in that area with a mop.
>
> "Speedway knew that wet floors were a slip and fall hazard."
>
> The store attendant should have barricaded the women's restroom "until the attendant was certain that the floor inside was dry . . . This method of controlling the fall hazard would have been the most certain method of preventing anyone from falling on the wet floor there."
>
> "The store did not follow reasonable procedures for controlling the fall hazard of the wet floor in the women's restroom."
>
> The "Wet Floor" sign in a different location in the store "was not a proper nor effective warning for a wet floor in the women's restroom . . . [A] wet floor sign should have been placed at the door to the women's restroom, or just inside the door[.]"

> "Speedway's Operations Manual does not provide any guidance to employees with regard to making clear to patrons the locations where wet floor hazards exist or for keeping wet floors out of use until dry."
>
> "The wet floor and lack of a proper warning were dangerous conditions that caused Ms. Hawn's fall."
>
> "Speedway's failure to properly warn Ms. Hawn of the wet floor in the women's restroom did not comply with reasonable safety standards, and was dangerous in a manner that was a cause of her fall."

*Id.*, pp. 2-3 (quoting Exh. A, Expert Report of H. Richard Hicks, pp. 3-5). Speedway argues that "Hicks' expert opinions . . . that wet floors are slippery and dangerous and that Speedway should have placed a 'Wet Floor' sign near the allegedly wet floor in the women's restroom . . . are common sense, and an average juror will be able to evaluate the evidence in this case and draw its own conclusions without any expert testimony." *Id.*, p. 5.

As this Court has explained, when the issue is the relevance of proposed expert testimony, as opposed to its reliability, its admissibility turns on whether it will assist the jury:

> Under the relevance prong, the testimony must assist the trier of fact to understand the evidence in the sense that it is relevant to or "fits" the facts of the case. *Daubert*, 509 U.S. at 591; *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000). In other words, the testimony must be such that the jury can apply it in a meaningful way to the facts at hand. This "fit" analysis essentially represents an inquiry similar to if not indistinguishable from the basic evidentiary inquiries into whether evidence is relevant and, if so, whether its probative value is nonetheless substantially outweighed by, among others, the danger of unfair prejudice and jury confusion. *See Daubert*, 509 U.S. at 595; *Ayers v. Robinson*, 887 F.Supp. 1049, 1058-59 (N.D. Ill. 1995).

*Rogers v. Quality Carriers, Inc.*, 2017 WL 2960264, at *2 (N.D. Ind. July 11, 2017). Narrowing the inquiry even more:

> [The Court must determine] whether [an expert's] opinion "assists the trier of fact in understanding the evidence or determining a fact in issue." *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001); *see also Hartman v. EBSCO*

5

*Indus., Inc.*, 758 F.3d 810, 817 (7th Cir. 2014) ("The rubric for evaluating the admissibility of expert evidence considers whether ... the testimony would have assisted the trier of fact[.]"). "An expert must testify to something more than what is obvious to the layperson in order to be of any particular assistance to the jury." *Dhillon*, 269 F.3d at 871 (citation, alterations, and internal quotation marks omitted); see also *Sullivan v. Alcatel-Lucent USA Inc.*, 2014 WL 3558690, at *6 (N.D. Ill. July 17, 2014) ("Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony."

*Toney v. Quality Res., Inc.*, 2018 WL 844424, at *9 (N.D. Ill. Feb. 12, 2018). *See also, United States v. Palomino*, 2014 WL 2581347, at *3 (N.D. Ill. June 9, 2014) (if a proffered expert opinion addresses matters that are "truly in the realm of common sense, then [an expert's] testimony is superfluous and will provide no benefit to the trier of fact.").

Speedway also contends that "[t]he Court should . . . exclude Hicks' opinions for the additional reason that they concern case-determinative legal issues. 'Rules 702 and 704 [of the Federal Rules of Evidence] prohibit experts from offering opinions about legal issues that will determine the outcome of a case.'" *Id.*, p. 6 (quoting *King v. Kramer*, 763 F.3d 635, 646 (7th Cir. 2014)) (additional citations omitted). Speedway argues that Hicks' report and proposed testimony include improper and therefore inadmissible legal conclusions, to wit:

> Hicks opines, *inter alia*, that "[t]he wet floor and lack of a proper warning were **dangerous** conditions that caused Ms. Hawn's fall" and that "Speedway's failure to properly warn Ms. Hawn of the wet floor in the women's restroom . . . was **dangerous** in a manner that was a cause of her fall." . . .
>
> Whether dangerous conditions existed in the Speedway store at the time of Ms. Hawn's alleged fall is a case-determinative legal issue, and expert testimony on this subject is also inappropriate. *See, e.g.*, *Stoler v. Penn Cent. Transp. Co.,* 583 F.2d 896, 899 (6th Cir. 1978) (finding that district court did not abuse its discretion in excluding expert opinion on an ultimate issue in the case, regarding what constituted an "extra hazardous" railroad crossing under Ohio law); *Witty v. HMD Int'l S.A.*, . . . 2002 WL 31939077, at *1 (C.D. Cal. July 30, 2002) ("Whether the presence of grease is open and obvious and whether it is a

6

> dangerous condition is not something that needs expert opinion."). Hicks'
> opinions that dangerous conditions existed in the Speedway store are therefore
> inadmissible. *See, e.g.*, *King* [*v. Kramer*], 763 F.3d [635,] 646 [(7th Cir. 2014)];
> *RLJCS Enterprises*, [*Inc. v. Prof'l Ben. Trust Multiple Employer Welfare Ben.
> Plan & Trust*,] 487 F.3d [494,] 498 [(7th Cir. 2007)].

*Id.*, pp. 7-8 (emphasis in original).

Hawn responds to Speedway's arguments by contending that Hicks' testimony "regarding the applicable safety standards for floors at a commercial establishment will assist the jury . . . and do not embrace determinative legal issues[.] Hick's expertise regarding the industry standards for safe floors at a commercial establishment–and his opinion that Speedway did not comply with these reasonable safety standards–will certainly be helpful to the jury." Plaintiff's Response, p. 2. Hawn also argues that "Rule 704 states that '[a]n opinion is not objectionable just because it embraces an ultimate issue[,]'" . . . and 'although experts may not testify as to conclusions of law, such as the existence of a duty, expert witnesses are permitted to testify as to the standard of practice in a given field.'" *Id*. (quoting Fed.R.Evid. 704 and *Finnerty v. Colussi*, 954 N.E.2d 1043, 1047 (Ind.Ct.App. 2011)).[2] In this instance, according to Hawn, "Hicks does not propose to offer the legal conclusion that Speedway was negligent which would likely be considered an improper legal conclusion. . . . Instead, Hicks opines that Speedway did not provide an effective warning to Hawn to alert her that the restroom had just been mopped. Hicks comes to this conclusion due to Speedway's failure to comply with reasonable safety standards for stores[.]" *Id.*, p. 3. Hicks based his conclusions in part on guidelines contained in the National Safety Council's Data Sheet 1-495 (entitled "Slips, Trips, and Falls on Floors") and American

---

[2] Hawn does not cite any cases in her brief to support her arguments urging the admissibility of Hicks' expert testimony. She cites to *Finnerty v. Colussi* only for the established proposition that experts generally can testify as to industry standards.

National Standards Institute (ANSI) Standard A1264.2 (entitled "Provision of Slip Resistance on Walking/Working Surfaces"). Plaintiff's Response, Exh. 1 (ANSI Standard); Exh. 2 (National Safety Council Data Sheet). Hawn contends that "[t]he standards themselves and the application of those standards to Hawn's fall certainly are outside of the knowledge of a lay person and will aid the jury in this case. . . . In fact, the expert testimony is vital to a juror's understanding of the applicable industry standards and whether or not Speedway met (or fell below) those standards." *Id*.

It is true, as Hawn points out, that expert testimony is generally admissible if it aids the jury, and sometimes even if it "embraces ultimate issues," but this is not such a case.[3] A sister court explained the distinction as follows:

> Although Federal Rule of Evidence 704 removes the absolute prohibition some older decisions had imposed against opinions on ultimate issues by providing that an opinion "is not objectionable just because it embraces an ultimate issue," the Advisory Committee Notes explain that Rule 704 does not "lower the bar so as to admit all opinions." Rules 701 and 702, which require opinions to be helpful to the trier of fact, and Rule 403, which permits exclusion of evidence if its

---

[3] In fact, some types of claims *require* a plaintiff to present expert testimony. *See Gopalratnam v. Hewlett-Packard Co.*, 2017 WL 1067768, at *3 (E.D. Wis. Mar. 21, 2017), *aff'd*, 877 F.3d 771, 779 (7th Cir. 2017) ("The court finds that the plaintiffs need expert testimony to prove their claim that a defective cell in the battery pack in [a] laptop caused the fire."). And in *Lees v. Carthage College*, the plaintiff alleged that the defendant college was negligent in failing to have adequate security systems and procedures in place in a residence hall at the time the plaintiff was sexually assaulted in her room. The Seventh Circuit held that "[p]remises-security cases like this one fall within the category of negligence claims requiring expert testimony." *Lees v. Carthage Coll.*, 714 F.3d 516, 522 (7th Cir. 2013) (citing *Shadday v. Omni Hotels Mgmt. Corp.*, 477 F.3d 511, 515 (7th Cir. 2007) ("It is one thing for a jury unaided by expert testimony . . . to assess the care with which the defendant in an automobile accident case drove, for that is something with which almost all jurors are familiar; it is another thing for a jury to determine the right standard of care to which to hold a hotel.")); *see also, Weinberg v. Geary*, 686 N.E.2d 1298, 1302 (Ind.Ct.App. 1997) (in Indiana medical malpractice cases, "expert testimony is generally required to establish the applicable standard of care and breach thereof.").

> probative value is outweighed by other factors such as undue prejudice or waste of time, "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." Fed. R. Evid. 704, Advisory Comm. Notes. These rules also "stand ready to exclude opinions phrased in terms of inadequately explored legal criteria," *id*.; in other words, an expert may not opine on legal issues on which a judge will instruct the jury. *United States v. Sinclair*, 74 F.3d 753, 758 n.1 (7th Cir. 1996). Thus, an expert may not invade the province of the jury by simply telling it whose side to take on disputed issues of fact, nor may he invade the province of the court by instructing the jury on legal issues; in either case, the expert's testimony is unhelpful.

*Elorac, Inc. v. Sanofi-Aventis Canada, Inc*., 2017 WL 3592775, at *17 (N.D. Ill. Aug. 21, 2017). *See also, Harris v. City of Chicago*, 2017 WL 2436316, at *15 (N.D. Ill. June 5, 2017) ("Put differently, although Rule 704(a) 'states that '[a]n opinion is not objectionable just because it embraces an ultimate issue,' Rules 702 and 704, 'prohibit experts from offering opinions about legal issues that will determine the outcome of a case.'") (quoting *Roundy's Inc. v. N.L.R.B.*, 674 F.3d 638, 648 (7th Cir. 2012)).

Speedway's arguments are well taken but its motion to strike reaches too broadly by seeking to exclude *all* of Hicks' testimony, while Hawn's response does the same by arguing that *none* of it should be excluded. The Court concludes that Hicks will be permitted to testify only as to the industry standards concerning slip and fall prevention in commercial establishments, i.e., the applicable standard of care. He will not be permitted to testify as to the following: 1) his opinion as to whether Speedway complied with those industry standards at the time of the incident, which embraces the ultimate issue of Speedway's negligence; 2) his opinion that a "dangerous" condition existed on the floor on the morning of the incident, either because the women's restroom was not barricaded or because the floor was wet or because a warning sign was not in a proper place, which addresses common sense matters and also embraces (in a more

"back door" way) the ultimate issue of whether Speedway was negligent; or 3) his opinion that the condition of the floor or alleged lack of adequate warnings were the proximate cause of Hawn's fall.

The Court agrees with Speedway that in this case expert testimony is not necessary to clarify or explain for the jury complex matters (such as the operation of a battery pack in a computer or the intricacies of a surgery). As Speedway contends, the jury does not need Mr. Hicks' help to be able to understand that wet floors can be slippery and potentially dangerous or that commercial establishments must take reasonable precautions to ensure their premises are safe for use by invitees. Nor is Hicks' testimony necessary to explain complex regulations or safety procedures to which Speedway was obliged to comply. In other words, Hicks' testimony must be limited in scope because resolving the ultimate issues in this case–whether Speedway breached its duty of care to Hawn on the date of the incident and, if so, whether that breach was the proximate cause of her injuries–does not require the jury to consider matters of "specialized knowledge." That said, as Hicks' report indicates, the ANSI Standards specifically address slip and fall prevention measures and provide guidance to commercial establishments such as Speedway regarding how to properly address situations like wet floors so as to reduce the chance of injury to customers. These guidelines are relevant in this case given the underlying facts and may in fact help the jury understand more fully how businesses can or should deal with such situations. Hicks' testimony as to the standard of care in the industry with regard to wet floors may help enlighten the jury as they consider the issues of breach and proximate cause.

But while Hicks will be permitted to testify about and explain the applicable ANSI standards, he will *not* be permitted to offer an opinion on the issue of whether Speedway adhered

to those standards or, if it failed to do so (which is Hicks' conclusion), that such failure constituted a breach of Speedway's legal duty of care or was a proximate cause of Hawn's injury.

Hicks may also testify as to the specific conditions that existed at Speedway #8029 as he observed them after reviewing and studying videotape taken at the store at the time of Ms. Hawn's injury. But he will not be permitted to opine, as he does in his report, about actions he thinks Speedway *should have taken* on the morning of the incident (i.e., that the employee should have placed the "wet floor" sign closer to the women's restroom or stood by the restroom and directed customers away until the floor was dry). In summary, Hicks will be permitted to testify *only* as to the standard of care that applies to commercial establishments with regard to slip and fall prevention, as set forth in the ANSI Standards on which he bases his report, and as to the conditions of the Speedway #8029 store on the date of Hawn's accident as he observed them from the evidence.

## CONCLUSION

For the reasons discussed above, Defendant Speedway LLC's Motion to Exclude Testimony from Plaintiff's Expert H. Richard Hicks, P.E. (ECF 31) is GRANTED in part and DENIED in part.

Date: April 21, 2018.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana