UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NAIKOMA HAWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-359 |
| | ) |
| SPEEDWAY LLC, d/b/a | ) |
| SPEEDWAY #8029, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motions in Limine filed on April 23, 2018 (docket entry 46). Defendant Speedway filed a response in opposition (DE 54) and Plaintiff Hawn filed a reply (DE 61). For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

## DISCUSSION

Plaintiff Naikoma Hawn filed a motion in limine seeking to limit the testimony of Speedway's Federal Rule 30(b)(6) corporate designee, Shannon Ware. Hawn titled her pleading in the plural, i.e., *motions* in limine, because it purports to address two evidentiary issues, although both are related to Ms. Ware's testimony. First, Hawn argues that "Shannon Ware should not be permitted to testify at trial about any matters outside the scope of her personal knowledge." Plaintiff's Motions in Limine, p. 2. This request appears reasonable on its face because it is axiomatic that a witness, with very few exceptions, cannot testify as to any fact or issue not within the scope of the witness' personal knowledge. Hawn's second argument is that Ware's testimony, if properly limited by the Court, in turn precludes Speedway "from attempting

to argue that Hawn was negligent or careless or as not careful when entering the Speedway restroom." *Id*., p. 3. In essence, Hawn is seeking to preclude Speedway from arguing comparative fault, arguing that Ware's deposition testimony binds Speedway to "its position . . . that Ms. Hawn didn't do anything that was unsafe or negligent with regard to the fall." *Id*., p. 4.

Speedway contends that "[n]o need exists for the Court to issue an Order in limine preemptively limiting Ms. Ware's testimony to her 'personal knowledge,' as Plaintiff requests. In addition, statements made in Speedway's Rule 30(b)(6) deposition do not constitute judicial admissions, and the Court should permit Speedway to argue its affirmative defense of comparative fault at trial." Defendant's Response in Opposition, p. 1.

**I. Limitations on Shannon Ware's testimony.**

Hawn explains that in her "30(b)(6) notice [to Speedway] included 'all company policies and procedures related to employee mopping of the interior of the store, including **signage used** . . . [and] training provided by Speedway to its employees regarding mopping practices, and schedule for mopping the interior floors including the bathrooms.' . . . Plaintiff also requested that the designee be able to address 'all company knowledge and opinions relating to the incident.' . . . Speedway (through Shannon Ware) testified that it was only aware of the one warning sign depicted in [a photo of the scene at the time of the incident]." Plaintiff's Motion, pp. 2-3 (emphasis in original). Therefore, argues Hawn, "[i]t would be improper for Shannon Ware personally to testify that other signs existed in the store on the date of the incident, given that she was not present in the store and she could not identify any other signs based on her preparation for the deposition. Shannon Ware would only be able to rely on her review of the surveillance video itself. If she attempted to rely on hearsay statements of someone else, that

2

would be improper[.]" *Id.*, p. 3.

Hawn also states that "in the corporate deposition, Speedway alleged that [employee] Larry Hart stated 'he just inspected just to make sure there was–such as no used paper towels on the floor or pieces of toilet paper.' . . . Speedway also represented that Larry Hart told Shannon Ware that he used a dry mop without a bucket." *Id.* Hawn argues that "[a]ny such allegations by Shannon Ware at trial would be inadmissible hearsay and outside the scope of her personal knowledge. Therefore, hearsay statements of what may or may not have been conveyed to Shannon Ware should be prohibited[.]" *Id.*

Hawn's argument seems at first blush to be nothing more than a boilerplate motion in limine, based on a fundamental evidentiary principle, seeking to prevent a witness from uttering hearsay in front of the jury. The issue, though, is a bit more nuanced. As Speedway points out, "Rule 30(b)(6) provides an exception to the general rule that a witness's testimony must be based on personal knowledge. . . . Topic No. 3 for Plaintiff's Rule 30(b)(6) deposition of Speedway was 'all company knowledge and opinions relating to the incident[.] . . . The information provided by Larry Hart, the ***only*** Speedway employee working at the time of Plaintiff's fall, together with the store's surveillance photos near the time that she fell are the only sources of Speedway's knowledge of Plaintiff's fall. To prevent Ms. Ware from testifying about what Mr. Hart told her would completely prohibit her from testifying regarding matters within the corporation's knowledge about Plaintiff's fall, would effectively prevent Speedway from presenting a full defense, and would result in prejudice to Speedway." Defendant's Response, p. 2 (emphasis in original) (citations omitted). After all, Speedway points out, "Plaintiff apparently does not object to Ms. Ware testifying about the materials she reviewed in preparation for the

3

30(b)(6) deposition, including the Speedway surveillance video from the time of Plaintiff's fall, written statements of Speedway employees following Plaintiff's fall, and certain Speedway documents." *Id*. Speedway concludes that "[t]o split hairs and pre-determine what topics Ms. Ware may and may not testify about at trial at this stage would be premature." *Id*.[1]

Hawn states in her reply brief that "Shannon Ware can be offered as a witness by Speedway to discuss matters within her personal knowledge, *including stipulated records that she reviewed* and the jury will have in their possession at the time of her testimony. . . . And, Defendant is correct that the 30(b)(6) deposition testimony is an exception to the general rule that a witness's testimony must be based on personal knowledge. . . . But this exception does not extend to Shannon Ware's trial testimony." Plaintiff's Reply (DE 61), p. 1 (italics added). Hawn states that "[i]t is the intent of Plaintiff to offer portions of the 30(b)(6) corporate deposition during her case in chief. Rule 32(a)(3). Defendant would then be permitted to offer responses from that deposition if they exist. However, Defendant cannot offer Shannon Ware to testify to matters outside of her personal knowledge in its case in chief." *Id*., p. 2. Finally, Hawn argues that "the purpose of this motion in limine is to prevent an employee from offering hearsay and requiring counsel to object to such improper matters in the presence of the jury." *Id*.

Hawn's motion will be granted to the extent it seeks to prevent the introduction of inadmissible hearsay. For example, Ware cannot testify about statements Larry Hart made to her,

---

[1] Rulings on motions in limine are by their nature provisional. "Since motions in limine are, by their very nature, based upon proposed and anticipated, rather than actual, testimony they are considered provisional and subject to re-review upon request." *United States v. Phillips*, 2014 WL 2801323, at *3 (N.D. Ill. June 12, 2014); *Patterson v. City of Chicago*, 2017 WL 770991, at *7 (N.D. Ill. Feb. 28, 2017) ("motion in limine rulings are provisional") (citing *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013)).

but she can testify as to any statements that she reviewed in her capacity as Speedway's corporate designee (whether made by Hart or anyone else). This would include the alleged statements by Hart concerning his mopping of the women's restroom. If Hart made such statements directly to Ware she cannot testify about them. This much is fundamental, made even more so by the fact that Hart is listed as a witness by both sides[2] and could testify as to the important facts concerning when and how he mopped the floors and where "wet floor" warning signs were positioned at the time of Hawn's fall. In any event, Hawn's motion in limine is granted in part and Ms. Ware will not be permitted to testify about any statements Hart made to her about this incident other than statements included in the materials she reviewed in her capacity as corporate designee.

**II. The Plaintiff's motion is denied to the extent that it seeks to preclude Defendant Speedway from "mention[ing], referenc[ing], [or] argu[ing]" that Hawn was negligent or careless and that her carelessness contributed, at least in part, to her fall.**

If Hawn's motion sought only to preclude the introduction of hearsay, then all of the argument about this point would be much ado about nothing. But Hawn seeks not only to exclude inadmissible hearsay, but also to foreclose entirely Speedway's ability to argue comparative fault on the part of Hawn, which is the ultimate goal of the motion in limine. Hawn's argument casts too wide a net, but it goes like this. In her Rule 30(b)(6) deposition, Ware

---

[2] Final Pretrial Order, (DE 42), p. 4 (parties' witness lists). Speedway contends that "[e]vidence on fault and comparative issues will come from plaintiff, Speedway's 30(b)(6) corporation witness, Shannon Ware, and, if the parties can locate him, Larry Hart, the employee working at the time of the incident, who they are informed is in poor health. Exhibits supporting these issues include Speedway's store video and still frames taken therefrom." Defendant's Trial Brief (DE 59), pp. 1-2. Even if Mr. Hart is unavailable, Speedway can base its affirmative defense argument on other evidence, including the cross-examination of Hawn herself, of course.

answered as follows to questions posed by Hawn's counsel:

> Q. Any facts that Speedway has that Miss Hawn caused her own fall?
>
> A. Not that I'm aware of.
>
> Q. And when you say "I," you are talking on behalf of Speedway?
>
> A. Speedway, yes, ma'am.
>
> Q. Has there been any mention of anything causing her fall other than water?
>
> A. Not that–not that I'm aware of.

Plaintiff's Motion in Limine, Exh. B, Excerpts of Deposition of Shannon Ware, pp. 16-17. Based on those answers from Ware, Hawn argues as follows:

> This case was filed in state court in September of 2016 and removed by Speedway. The parties engaged in initial disclosures and written discovery, and then Speedway deposed Hawn on July 11, 2017. On August 22, 2017, Speedway offered a 30(b)(6) deposition. No additional disclosures or discovery took place; discovery then closed on September 29, 2017.
>
> A 30(b)(6) designee has an affirmative obligation to educate herself and be knowledgeable as to matters outlined in the deposition notice, including all matters known or reasonably available to the corporation. *Concerned Citizens v. Belle Haven Club*, 22 F.R.D. 39 (D. Conn. Apr 28, 2004). At the Speedway 30(b)(6), Hawn's deposition had already been taken and all other discovery completed. If Defendant wished to put blame on Plaintiff for wearing flip flops (or any other matter), it had *every opportunity to do so.*

Plaintiff's Reply, pp. 2-3 (emphasis in original).

Speedway is bound by those answers, just as Hawn contends, but that does not mean that Speedway is wholly foreclosed from arguing to the jury that Hawn bears some amount of comparative fault. As Speedway argues, Hawn "fell in a public restroom where no one else was present to witness her fall, and no video or photo evidence exists depicting her fall. . . . Thus, consistent with its corporate testimony, Speedway does not have any knowledge of what

happened in the restroom at the time of Plaintiff's fall. . . . However, that does not mean that a jury could not find Plaintiff was contributorily negligent in causing her fall based on all of the evidence presented by both parties at trial, or even solely from Plaintiff's testimony. The question of Plaintiff's comparative fault presents a fact issue that is inappropriate for resolution on a motion in limine and is a question for the jury." Defendant's Response, p. 3. This is correct, and is why the parties submitted *agreed* proposed final jury instructions on the issue of comparative fault and *agreed* verdict forms that require the jury to calculate any damages they might award to Hawn under Indiana's comparative fault law. Also, in their *joint* Final Pre-Trial Order the parties designated the issue Hawn's comparative negligence as a "contested issue of fact" to be presented to the jury. *See* Final Pre-Trial Order (DE 42), p. 3.

The Court notes first that "courts are not aligned on whether parties may use Rule 30(b)(6) depositions to investigate underlying legal claims and theories." *Fed. Deposit Ins., Corp. v. Giancola*, 2015 WL 5559804, at *2-3 (N.D. Ill. Sept. 18, 2015) (citing *Milwaukee Elec. Tool Corp. v. Chervon North America, Inc.*, 2015 WL 4393896, at *4 (E.D.Wisc., July 16, 2015) (comparing cases); *SmithKline Beecham* [*v. Apotex Corp.*], 2000 WL 116082 at *8 [(N.D. Ill., Jan. 24, 2000)] (noting that "the recipient of a Rule 30(b)(6) request is not to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim"); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying discovery request seeking "defendants' mental impressions, conclusions, opinions, and legal theory" under the guise of "facts"); *EEOC v. Caesars Entm't*, 237 F.R.D. 428, 432-34 (D. Nev. 2006) (denying defendant's request for a protective order seeking to limit the scope of Rule 30(b)(6) deposition questioning to prevent inquiry into the factual bases for defendant's asserted

position statements and affirmative defenses)). The district court in *Giancola* concluded that the "lack of unanimity" on this issue "merely drive[s] home the point that the factual nuances of each case are what guide the courts." *Id*. at *3. This legal debate is not relevant now since the issue before the Court is not whether Hawn can inquire about Speedway's defenses–she already did that–but rather how Ware's Rule 30(b)(6) testimony can be used or not used at trial. The law on that point is not in flux. As another district court explained:

> Rule 30(b)(6) testimony, however, "is not a judicial admission that ultimately decides an issue" but, rather "is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F.Supp.2d 786, 791 (N.D. Ill. 2000); *see also Evangelical Ben. Trust v. Lloyd's Underwriters Syndicate Nos. 2987, 1607, 1183 & 2001*, 2012 WL 379632, at *4 (N.D. Ill. Feb. 3, 2012) ("Rather, [Rule 30(b)(6)] testimony, 'like any other deposition testimony, can be contradicted.'") (quoting *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001)); *Cuff v. Trans States Holdings, Inc.*, 816 F.Supp.2d 556, 559 (N.D. Ill. 2011) ("So a business entity may produce evidence that supplements or is contrary to its Rule 30(b)(6) deposition testimony."); *Cat Iron, Inc. v. Bodine Envtl. Servs., Inc.*, 2011 WL 2457486, at *9 (C.D. Ill. June 15, 2011) ("Rule 30(b)(6) testimony can be used as evidence, but not a judicial admission that ultimately decides an issue, and the court will not hold Plaintiff as absolutely bound to the designee's recollection."); *First Internet Bank of Indiana v. Lawyers Title Ins. Co.*, 2009 WL 2092782, at *4 (S.D. Ind. July 13, 2009) ("A Rule 30(b)(6) deposition produces evidence, not judicial admissions.").

*Sellers Capital, LLC v. Wight*, 2017 WL 3037802, at *4 (N.D. Ill. July 18, 2017). The court in *Sellers* concluded that "even if Plaintiff's characterization of [Defendant's] Rule 30(b)(6) deponents' testimony is correct, that would not be a sound basis for precluding Defendants from introducing evidence [of an affirmative defense]." *Id*. This Court has also explained that "[w]hile parties are bound by the testimony given by their designated representative during a Rule 30(b)(6) deposition, such testimony is not a judicial admission that ultimately decides an issue. . . . Rather, the testimony given at the deposition is evidence, like any other deposition testimony,

8

that can be contradicted." *Hasse Const. Co. v. Gary Sanitary Dist. Bd. of Comm'rs*, 2009 WL 362293, at *7 (N.D. Ind. Feb. 10, 2009) (citing *Indus. Hard Chrome, LTD. v. Hetran, Inc.*, 92 F.Supp.2d 786, 791 (N.D.Ill. 2000)); *see also, Bello v. Vill. of Skokie*, 151 F.Supp.3d 849, 861 (N.D. Ill. 2015) (Rule 30(b)(6) testimony "does not rise to the level of a judicial admission; instead, it is simply evidence that a trier of fact may consider alongside other evidence.") (citing *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir.2001)) (holding that "testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes," and that the "testimony of Rule 30(b)(6) designee does not bind [a] corporation in [the] sense of judicial admission."). The law makes clear that Hawn's motion in limine must be denied with respect to Speedway's ability to argue comparative fault on the part of Plaintiff.

## CONCLUSION

For the reasons set forth above, the Motions in Limine filed by Plaintiff Naikoma Hawn (DE 46) are GRANTED in part and DENIED in part.

Date: May 14, 2018.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
